UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIE VOND,

    Plaintiff,                                         Hon. Robert J. Jonker

v.                                                                Case No. 1:18-cv-380

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Supplemental Security Income (SSI) under Title XVI of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of social security appeals, the undersigned recommends that the Commissioner's decision be **affirmed**.

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence

supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

**PROCEDURAL POSTURE**

Plaintiff was 49 years of age on her alleged disability onset date. (PageID.172). She successfully completed high school and worked previously as a cashier and auto assembler.

(PageID.56). Plaintiff applied for benefits on December 30, 2014, alleging that she had been disabled since January 13, 2014, due to arthritis in her back, back problems, nausea, migraine headaches, injury to her left knee, and major depressive disorder. (PageID.172-77, 199).

Plaintiff's application was denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). (PageID.103-70). On September 20, 2016, Plaintiff appeared before ALJ Lawrence Blatnik with testimony being offered by Plaintiff and a vocational expert. (PageID.62-96). In a written decision dated November 25, 2016, the ALJ determined that Plaintiff was not disabled. (PageID.47-57). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (PageID.28-32). Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R.

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

§§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffered from: (1) scoliosis; (2) degenerative disc disease of the lumbar spine; (3) migraine headaches; (4) depression; (5) borderline intellectual functioning; and (6) a personality disorder, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.49-50).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the capacity to perform light work subject to the following limitations: (1) she can lift/carry 20 pounds occasionally and 10 pounds frequently; (2) during an 8-hour workday, she can sit, stand, and walk for 6 hours each; (3) she requires the ability to change position every 30-

45 minutes for 3-5 minutes at a time; (4) she can occasionally climb ladders, ropes, scaffolds, stairs, and ramps; (5) she can occasionally balance, stoop, kneel, crouch, and crawl; (6) she can perform simple, routine, and repetitive tasks, but not at a production rate pace; (7) she is limited to work that involves only brief, superficial contact with the public and does not involve frequent significant changes or adaptations.   (PageID.52).

The ALJ found that Plaintiff was unable to perform her past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform, her limitations notwithstanding.  *See Richardson*, 735 F.2d at 964.  While the ALJ is not required to question a vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform <u>specific</u> jobs" is needed to meet the burden. *O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added).  This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy.  *See Richardson*, 735 F.2d at 964. Accordingly, ALJs routinely question vocational experts in an attempt to determine whether there exist a significant number of jobs which a particular claimant can perform, her limitations notwithstanding.   Such was the case here, as the ALJ questioned a vocational expert.

The vocational expert testified that there existed approximately 280,000 jobs in the national economy which an individual with Plaintiff's RFC could perform, such limitations notwithstanding.  (PageID.89-94).   This represents a significant number of jobs.  *See, e.g., Taskila v. Commissioner of Social Security*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'").

**I.        Listing of Impairments – Section 12.05(C)**

The Listing of Impairments, detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1, identifies various impairments which, if present to the severity detailed therein, result in a finding that the claimant is disabled. Plaintiff's sole argument on appeal is that the ALJ's decision that she does not satisfy Section 12.05(C) of the Listing of Impairments is not supported by substantial evidence.

> Section 12.05 of the Listing provides, in relevant part, the following:
>
> 12.05 Intellectual Disability: Intellectual disability refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> A.  Mental incapacity evidenced by dependence upon others for personal needs (e.g., toileting, eating, dressing, or bathing) and inability to follow directions, such that the use of standardized measures of intellectual functioning is precluded;
>
> OR
>
> B.  A valid verbal, performance, or full scale IQ of 59 or less;
>
> OR
>
> C.  A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing additional and significant work-related limitation of function;
>
> OR
>
> D.  A valid verbal, performance, or full scale IQ of 60 through 70, resulting in at least two of the following:
>
> > 1.  Marked restriction of activities of daily living; or

>    2.   Marked difficulties in maintaining social functioning; or
>
>    3.   Marked difficulties in maintaining concentration, persistence or pace; or
>
>    4.   Repeated episodes of decompensation, each of extended duration.

20 C.F.R., Part 404, Subpart P, Appendix 1, § 12.05 (2006).

Plaintiff asserts that she satisfies Section 12.05(C). On March 5, 2015, Plaintiff participated in psychological examination during which she was administered the Wechsler Adult Intelligence Scale. (PageID.390-94). This assessment evaluated Plaintiff's ability in several areas with Plaintiff earning scores ranging from 70 (verbal comprehension) to 97 (processing speed). (PageID.394). The examiner concluded that Plaintiff possessed a full-scale IQ of 75. (PageID.394). The examiner also noted that Plaintiff's performance "was reliable and accurate." (PageID.394).

In support of his decision that Plaintiff did not satisfy Section 12.05(C), the ALJ focused on Plaintiff's full-scale IQ score of 75 which fails to satisfy the requirements of Section 12.05(C). (PageID.50, 53). The ALJ did not mention or acknowledge, however, Plaintiff's verbal IQ score of 70 which does satisfy the requirements of this Listing. Instead, the ALJ stated that Section 12.05(C) was not satisfied because Plaintiff "does not have a valid verbal, performance, or full scale IQ score of 60 through 70. . ." (PageID.50).

Because the ALJ did not elaborate on this conclusion, it is not clear whether the ALJ was unaware of Plaintiff's verbal IQ score of 70 or instead simply found such to be invalid. Neither option constitutes substantial evidence to support the ALJ's decision. Defendant offers no argument that the ALJ was unaware of the relevant information. Instead, Defendant argues that the ALJ properly found the test result in question to be invalid. The shortcoming in this

argument, however, is that the ALJ offered no rationale in support of this conclusion. Moreover, the alleged invalidity of this particular test result is hardly obvious in light of the examiner's express finding that Plaintiff's performance "was reliable and accurate." Accordingly, the ALJ's determination that Plaintiff does not have a valid verbal, performance, or full scale IQ score of 60 through 70 is not supported by substantial evidence.

While Plaintiff appears to satisfy the criteria articulated in subsection 12.05(C), she must also satisfy the requirements articulated in the introductory paragraph of Section 12.05. 20 C.F.R., Part 404, Subpart P, Appendix 1, § 12.00(A) (regarding Section 12.05, "[i]f your impairment satisfies the diagnostic description in the introductory paragraph [of Section 12.05] and any one of the four sets of criteria, we will find that your impairment meets" the Listing). Specifically, Plaintiff must establish that she satisfied the diagnostic description of intellectual disability articulated in the introductory paragraph of Section 12.05. *See, e.g., Cooper v. Commissioner of Social Security*, 217 Fed. Appx. 450, 451 (6th Cir., Feb. 15, 2007). This requires Plaintiff to demonstrate that she experienced "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22." 20 C.F.R., Part 404, Subpart P, Appendix 1, § 12.05.

The only evidence Plaintiff identifies regarding this requirement is that she dropped out of high school in the tenth grade. (PageID.391). However, Plaintiff subsequently returned to high school, successfully graduated, and later earned an Associate's Degree. (PageID.68, 391). Moreover, Plaintiff offers no evidence that she dropped out of high school because she was suffering from an intellectual disability. As the Sixth Circuit has observed, it cannot simply be assumed that a claimant dropped out of high school because she was suffering from an intellectual

-8-

disability. *See Foster v. Halter*, 279 F.3d 348, 355 (6th Cir. 2001) (evidence that claimant dropped out of high school is insufficient, by itself, to establish that the claimant was experiencing an intellectual disability).

Plaintiff has not identified evidence that any of her care providers found that she was intellectually disabled or satisfied the description of intellectual disability articulated in the introductory paragraph of Section 12.05. On the other hand, the record contains evidence that Plaintiff does not suffer from an intellectual disability, but instead suffers from borderline intellectual functioning. The psychologist who examined Plaintiff and administered intellectual testing concluded that Plaintiff experiences borderline intellectual functioning. (PageID.393-94). Also, Plaintiff's care providers at Pines Behavioral Health consistently diagnosed Plaintiff with borderline intellectual functioning.[2] (PageID.256-316). This conclusion is supported by the record. As the Sixth Circuit has observed, a diagnosis of borderline intellectual functioning is inconsistent with a diagnosis of disabling intellectual disability and, therefore, precludes a finding that the requirements of Section 12.05 have been met. *See Cooper*, 217 Fed. Appx. at 451.

Furthermore, as the ALJ observed, Plaintiff reported engaging in a variety of activities which are inconsistent with the conclusion that Plaintiff suffers from a disabling intellectual disability. For example, Plaintiff reported that she was her parents' primary caregiver. (PageID.68, 257, 260, 272). Plaintiff also reported that she drives an automobile daily, prepares her own meals, washes laundry, shops, watches television, and participates in social media on her computer (PageID.67, 81-83).

---

[2] The treatment notes regarding Plaintiff's treatment with Pines Behavioral Health repeatedly refer to diagnostic code V62.89 which corresponds to a finding of borderline intellectual functioning. (PageID.287).

As articulated herein, therefore, the Court concludes that Plaintiff has not presented evidence from which it can reasonably be determined that she met the diagnostic definition of intellectual disability prior to age 22 (or at anytime thereafter). Thus, Plaintiff has not met her burden of demonstrating that she satisfies the requirements of section 12.05 of the Listing of Impairments. *See Kirby v. Comm'r of Soc. Sec.*, 2002 WL 1315617 at *1 (6th Cir., June 14, 2002) (the burden rests with the claimant to establish that she meets a listed impairment). Accordingly, the undersigned finds that the ALJ's decision that Plaintiff fails to satisfy the requirements of Listing 12.05(C) is supported by substantial evidence.

## CONCLUSION

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be **affirmed**.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: November 29, 2018

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge